1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXIA PETERSEN DIX,

                    Petitioner,

        v.

UNITED STATES OF AMERICA,

                    Respondent.

Case No.  C09-534 MJP
          (CR07-176 MJP)

**ORDER ADOPTING THE REPORT
AND RECOMMENDATION AND
DENYING PETITIONER'S
PETITION FOR HABEAS CORPUS**

 

This matter comes before the Court on Petitioner's and Respondents' objections to the Report and Recommendation ("R&R").  (Dkt. Nos. 49, 50.)  Having reviewed the objections, the R&R (Dkt. No. 48), and all papers submitted in support, the Court ADOPTS the R&R and DENIES the petition.  The Court GRANTS the issuance of a certificate of appealability.

### Background

Petitioner Alexia Petersen Dix is a federal prisoner who received a 27 month sentence after pleading guilty to one count of possession with intent distribute ecstasy.  Petitioner entered her guilty plea on October 18, 2007.  (CR07-176MJP, Dkt. No. 26.)  Her guilty plea included a waiver of her appellate rights.  (Id., Dkt. No. 28 at 8-9.)  Details regarding Petitioner's sentencing and purported requests to appeal her sentence are set forth fully in the R&R and the Court does not repeat them separately here.

On April 20, 2009, Petitioner filed a pro se motion to vacate her sentence pursuant to 28 U.S.C. § 2255.  (Dkt. No. 1.)  The Magistrate Judge concluded that Petitioner should have counsel appointed.  Petitioner pursues two issues in her petition: (1) she claims she was deprived of her Fifth and Sixth Amendment rights when her trial counsel failed to timely file a notice of appeal on her behalf; and (2) she claims she was deprived of her Fifth and Sixth Amendment rights at sentencing.  (Dkt. No. 34.)  The Magistrate Judge held an evidentiary hearing on Petitioner's contention that she was denied effective assistance of counsel at sentencing and with regard to filing an appeal.  Petitioner and her trial counsel, Stephen Illa, dispute what requests Petitioner made to Mr. Illa to appeal her sentence.  After holding an evidentiary hearing where both Petitioner and Mr. Illa testified, the Magistrate Judge issued an R&R recommending denial of the petition.  Petitioner filed objections to the substance of the R&R, while the government filed objections to the recommendation to issue a Certificate of Appealability ("COA").

**Analysis**

A.    Ineffective Assistance of Counsel Regarding Appeal

Petitioner argues the Magistrate Judge made incorrect credibility determinations after holding an evidentiary hearing on Petitioner's ineffective assistance of counsel claim.  Petitioner takes issue with the R&R's conclusion that "petitioner did not clearly instruct counsel to file a notice of appeal on her behalf."  (Dkt. No. 48 at 2; Dkt. No. 50 at 2.)  Petitioner believes that the Magistrate Judge inappropriately accepted Mr. Illa's testimony and discounted hers.  The record supports the Magistrate Judge's determination.

Petitioner argues that Mr. Illa's testimony lacks credibility because they shared a contentious relationship.  (Dkt. No. 50 at 2-3.)  The Magistrate Judge addressed this argument and found the rocky attorney-client relationship had no impact on Mr. Illa's credibility as to his discussions with Petitioner about whether to appeal the sentence.  The Magistrate Judge noted that Mr. Illa had nothing to gain by not filing an appeal or by lying about it at the evidentiary hearing.  (Dkt. No. 48 at 9-10.)  The Court finds no flaw in the R&R on this issue.  Petitioner

1    also argues that if Mr. Illa had truly obtained her acquiescence not to appeal, he would have sent

2    her a written waiver.  (Dkt. No. 50 at 2-3.)  This is pure speculation that is not evidence of her

3    attorney's lack of veracity.  Neither argument shows any clear error in the Magistrate Judge's

4    credibility determination.

5         Petitioner also argues that the Magistrate Judge improperly credited Mr. Illa's testimony

6    that he drafted a memorandum on May 19, 2008 memorializing Petitioner's statement to Mr. Illa

7    that she did not wish to appeal.  (Dkt. No. 50 at 3.)  Petitioner argues the memorandum was not

8    contemporaneously drafted because its electronic date does not match its purported date of

9    creation.  Petitioner also argues the memorandum was fabricated because the letterhead indicates

10   it was not made in 2008.  The Magistrate Judge examined these issues and found the error in the

11   electronic date of the memorandum was inadvertent and did not undermine the contents of the

12   memorandum.  The Magistrate Judge noted that Mr. Illa had an independent memory of the

13   conversation, such that the memorandum was secondary to Mr. Illa's actual memory and

14   otherwise credible testimony.  (Dkt. No. 48 at 10.)  Petitioner has provided no reasoned basis to

15   reject the Magistrate Judge's credibility determination.

16        Petitioner contends the Magistrate Judge incorrectly found her testimony lacked

17   credibility on the issue of whether she sought to appeal her sentence.  (Dkt. No. 50 at 3-4.)  The

18   reasons Petitioner puts forwards are dealt with fully in the R&R and Petitioner has provided no

19   basis to reach a different conclusion that the one set out in the R&R.  There is no evidence

20   Petitioner received ineffective assistance of counsel with regard to appealing the sentence, which

21   would likely have been precluded by her waiver of appellate rights.  The Court ADOPTS the

22   R&R on this issue and DENIES Petitioner's claim of ineffective assistance of counsel with

23   regard to her appellate rights.

24   B.    Ineffective Assistance of Counsel as to Sentencing

25        Petitioner argues she received ineffective assistance of counsel at sentencing because her

26   counsel failed to respond to the claims of dishonesty leveled against her by probation.  (Dkt. No.

50 at 4.)  The Magistrate Judge found that Mr. Illa did not provide robust mitigating evidence as to Petitioner's honesty, but that there is no evidence of prejudice.  The Court agrees.  Nothing in the record suggests that the sentence was impacted by Petitioner's honesty or lack thereof. Assuming for the sake of argument that Petitioner received ineffective assistance, she has not shown that she suffered any prejudice.  This is highlighted by the fact that this Court departed well below the guideline range in sentencing petitioner.  The Court ADOPTS the R&R and DENIES the petition on this issue.

C.    Certificate of Appealability

The government objects to the R&R's recommendation that the Court issue a COA.  The Court agrees with the R&R that close issues of fact warrant granting the COA.  Petitioner has made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(3). The Court ADOPTS the R&R on this issue and ISSUES the COA as to both claims raised in the petition.

**Conclusion**

Petitioner has failed to show any defects in the R&R.  The Magistrate Judge's credibility determinations were proper and there is no evidence Petitioner received ineffective assistance of counsel with regard to her sentence or her rights to appeal the sentence.  The Court ADOPTS the R&R and DENIES the petition.  The Court GRANTS the issuance of a certificate of appealability on both issues Petitioner pursues and ADOPTS the R&R on this issue.

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 3rd day of August, 2010.

Marsha J. Pechman
United States District Judge

ORDER ADOPTING THE REPORT AND                                      CASE NO. 09-534 MJP
RECOMMENDATION AND DENYING PETITIONER'S
PETITION FOR HABEAS CORPUS - 4